TUCKER, Judge:
This is a suit for workmen’s compensation by Edward Daigle, for injuries he received on January 28, 1970, when, employed as a boilermaker by. Babcock & Wilcox Construction Company in Baldwin, St. Mary Parish, Louisiana, he caught his left index finger between a sheave and cable. Immediately after the accident plain *704 tiff was taken to the company doctor, Dr. V. H. Feske, in Franklin, Louisiana, who diagnosed his injury as a “compound fracture, distal phalanx of left index finger with extensive soft tissue injury.” Dr. Feske splinted plaintiff’s finger and approved his return to work, which he did the next morning. He assumed light duty as a flagman for the rig, giving signals to the operator of the rig, and continued in this employment without any further loss of time, until the contract being undertaken by his employer was completed. After two or three months as a flagman plaintiff was promoted to the position of foreman. He held this position until terminated by his employer due to a reduction in the work force.
After that plaintiff re-registered for employment with his union, asking for no special treatment, and stating that he was available for general duties as a boilermaker. He worked continuously thereafter, as assigned by his union, for various employers, on numerous jobs, and at the time of the trial he was back at work with Bab-cock & Wilcox as a boilermaker at the CLECO site, doing repair work. At no time did anyone ever complain of plaintiff’s work performance. His earning capacity was unimpaired from the date of the accident until the time of the trial. The only times that plaintiff was unemployed during this period was when work was “slow,” and not because of his own un-employability.
After some correspondence in which plaintiff demanded compensation for permanent, total disability, he filed suit against defendant on September 18, 1970, asking for compensation on the same basis as previously demanded. Defendant insurance company, Travelers, answered and deposited in the registry of court Eight Hundred Fifty-Eight and No/100 ($858.00) Dollars as being due for twenty (20%) per cent permanent and partial disability to the left index finger. Judgment was rendered by the trial judge dismissing plaintiff’s claims for permanent and total disability and awarding him the $858.00 as tendered, and in accordance with an agreed stipulation. The trial court also dismissed plaintiff’s claims for penalties and attorney fees.
From this judgment plaintiff has appealed solely on the grounds of having been denied penalties and attorney fees improperly.
No specific testimony was introduced on this point in the trial court, but the record reveals the following facts. On February 5, 1970, a week after plaintiff’s accident, a “Surgeon’s Report” was filled in by plaintiff’s treating physician, Dr. Feske, and shortly thereafter forwarded to the Claims Office of Travelers Insurance Company in Lafayette. Of an essentially negative character this report showed that plaintiff had lost no time from work, that he should anticipate no permanent defects, and could expect a recovery period of “3 to 10 days.” It was determined at the trial that this last entry was a typographical error and should have been “3 to 10 weeks.” On March 23, 1970, the “Surgeon’s Final Report and Bill” was submitted by Dr. Feske, and was received by Travelers in Lafayette shortly thereafter. This report, too, negated any permanent injury.
On June 1, 1970, plaintiff’s attorney mailed a letter to Travelers in Lake Charles demanding payment for total and permanent disability, but neglected to send any supporting medical evidence whatsoever, nor did he explain the nature of plaintiff’s injuries. Plaintiff was still employed at that time at full wages. Again on July 30, 1970, plaintiff’s attorney wrote to Travelers, this time to the Baton Rouge office, demanding full benefits for total and permanent disability. This letter did contain an orthopedic evaluation from Dr. Norman Morin, which was never introduced into the record. This report stated that plaintiff had sustained a twenty (20%) per cent disability to the left index finger. On August 19, 1970, plaintiff’s attorney wrote again, demanding benefits for *705 total and permanent disability commencing August 7, 1970, with no explanation for the reason that compensation should begin on August 7, 1970.
In view of these circumstances: confusion in mailings, unsubstantiated claim for total and permanent disability while plaintiff continues to perform in same general capacity and draw the same wages, and failure ever to claim benefits for functional loss of use of a finger, we do not find that the defendant acted “arbitrarily” or “capriciously” within the intendment of R. S. 23:1201.2 in failing to tender workmen’s compensation payments after written notice of plaintiff’s injury.
For the foregoing reasons the decision of the trial court, denying penalties and attorney fees is correct, and the judgment is affirmed. Appellant is cast with the costs of this appeal.
Affirmed.